May it please the court, I'm Allison Mendel for the defendant Ricky Allen Reese. The only legal issue before the court today is the adequacy of the 851 notice and of course the standard of review to be applied to whether that error is reversible. First addressing the plain error issue, I don't believe that the supplemental authority cited by the government changes anything in this case. In terms of prejudice to the defendant obviously if the prejudice Was there error at all? Well, that's a different question. Yeah, I mean you sort of jumped to that. Yes, I did. I was doing the easy part first. There was a mistake, but mistakes are not always errors. That's certainly true. Everything that was required to be in the notice was in the notice, right? That's correct. And then they added some other stuff that was not required to be in there that was wrong. That's correct. Is that on here? I believe so, your honor. Isn't that why we give defendant lawyers to figure these things out? That's correct, your honor, and there should have been an objection and there wasn't, but I submit that the error... Or maybe there wasn't a need for an objection. Maybe the lawyer said to him, well, this is 20 years, but it's really life because I've actually looked up the statutes and I know how things work and I am an experienced lawyer. And so let me advise you that it doesn't matter what they say. The truth is you're facing life. This is why we have defense lawyers. Well, that calculus seems rather implausible, your honor, because to deliberately subject your client to a mandatory life minimum rather than arguing about the number of months in his sentence, I can't see how that would be a rational decision under any circumstances. I wasn't suggesting that. I was suggesting that the lawyer would tell the client, look, the notice lists your priors and the reality is that you're facing a mandatory life. I know the notice says something else, but let me tell you, when the rubber hits the road, you're going to be looking like this. I'm a lawyer. I went to law school. I do these things every day. Trust me, this is what's going on. Well, we certainly have no record of what the effect of the erroneous notice was. There might be an effective assistance counsel claim and we'll see that next time we come up here. I thought that the record showed that he stated, your client stated, that he wasn't aware of the 851 until after trial. Your honor, I have a lot of difficulty with that whole paragraph by my client because it's out of context. It's not in response to a question of, you know, what did you think about the 851 notice. If you read the whole thing, it's a little bit incoherent what he's talking about. And furthermore, I don't think that demonstrates that his lawyer didn't get it, read it, and talk to him about it without saying it's an 851 notice or something else. It doesn't change the fact that the government gave explicitly wrong information about the mandatory minimum that resulted from the priors that they were citing. But even those cases, I think that is important, which are not in our circuit, have said so on the basis of some finding of prejudice. Whereas here, all we have is his report that he wasn't even aware of it and certainly didn't change. There's nothing in there that says it changed his decision in any way. The law in this circuit is that the burden is on the government if the court finds the notice to be inadequate. And because there was no objection, there was no opportunity for either the defendant or the government to develop the record about how or in what way it did prejudice. Isn't that only if there's an error in complying with the statute, whereas the chief judge pointed out there wasn't any such error here? Well, I think that that's a question that the court has to decide, whether there's an error in complying with the statute. Because the purpose of the statute is exactly about the mandatory minimums. That's why there is a notice. And if the government gives an explicitly wrong notice, it's hard to see a theory why the government should not be held to their wrong notice. I mean, they did correct it in this case, and they clearly corrected it too late if that's a legal error. But if the whole purpose of the notice is to notify defendants of the mandatory minimum they face if they go to trial, then notifying them of the wrong mandatory minimum seems to be highly prejudicial and... If the court notified them of the correct information about the mandatory minimum, they just made a mistake as to the consequences. The statute only requires that they identify the convictions they're relying on so that the defendant can say, no, you're wrong, I was never convicted of that. Correct. So there's no dispute that the notice included all of the information that was required in the statute, which is the convictions or the... How many priors did it list? Well, at least two, Your Honor. Right. And, you know, even I know that two drug priors means life without parole. I don't do this very often. What remedy would you have? Well, I think that the remedy at this point is what was missing was the hearing about prejudice to the defendant and the government has to... If there would be a remand, there would be an opportunity for the government to show, and the burden is clearly the government's under this circuit's precedent, to show that he wasn't prejudiced by the incorrect notice. But wasn't that switched by the plenary reform? On remand? I don't see how that calculus switches the remand standard. I think that's the review standard, and if you decide that there's an error, they have to... Well, but the review standard incorporates a prejudice standard, so if you have to show prejudice, then you think that the burden would be on you to show the prejudice. I think the burden is on me to show prejudice at the appeal stage, and if this court decides that the prejudice is sufficient for plain error so you can look at the... Well, but how can you decide that? I mean, we have, particularly in this case where the prejudice is at least somewhat problematic given the client's notion, the statement that he didn't know about the report. How can we evaluate the... Are we really remanding on the prejudice issue, and so therefore is it the standard in the other direction? I don't think so. So I think that the plain error prejudice calculus is about whether giving the wrong... Well, if we have to decide the prejudice question, then it seems to me you lose because you haven't demonstrated the prejudice. So it seems to me that if you're asking for a remand, you're saying that you can't decide the prejudice on the current record. Your Honor, I think that the appeal prejudice calculus is about whether it's an error to include the wrong mandatory minimum in the notice. Right, and then you have to show... Because it was plain error, you're not questioning that it was plain error. Right, right. So you have to show... Plain error is a standard. ...that there was substantial... What's the word? It doesn't say prejudice. I forget exactly how it's worded. Right, right. Essentially, you have to demonstrate an impact on your client. So I don't see the difference. You say there's some difference between what you would show a remand and what you would show an appeal, but I don't see the difference. Well, we may just disagree on this, but... I'm trying to explain it. But I think the difference is if this court has to decide the legal issue, whether an error in the notice violates the statute and therefore requires that he not be sentenced under the mandatory minimum unless the government can show lack of prejudice. So that's the plain error, and then the government gets an opportunity to save the mandatory minimum by showing lack of prejudice to the trial court. We have one minute left. Do you want to save it? Yes, thank you. Will we hear from the government? Good morning, Your Honors. I'm Joanne Farrington for the United States in this case. I also am going to jump over the first element of plain error review as to whether or not there was error to the question of whether or not it was plain. In the reply brief, Mr. Reese concedes that there is a circuit split on this very issue and that this court has not decided it. Under this court's precedent, that by definition means that the error is not plain. It's a very easy way to resolve this case. It disposes of plain error in and of itself. Move on to the third prong of plain error review. The defendant has shown no plausible way in which his substantial rights were harmed at all. Was there a plea offer in this case? There were plea discussions, as I understand it, and they were adamantly rejected by the defendant. That's my understanding. I was not trial counsel in this case. This is kind of a funny question, but is there any particular reason why these mistakes seem to happen unusually often? I mean, it seems odd to me that there are this many cases on this particular problem. It does seem odd. I can give some informed speculation as to how it happened in this case and may well happen in other cases and other offices. This was purely — It's my perception that the U.S. Attorney's Office makes that many mistakes in other areas, but they seem to make them — This is truly a clerical error, and it's a cut-and-paste error, and I suspect that that's probably why it pops up, because depending on the particular number of prior drug-trafficking offenses that the particular defendant has, the penalty provision shifts. So when an AUSA is preparing the 851 notice and he pulls a prior example from another case that he has filed, he plugs in the offenses and — and poofing, right, without actually reading the thing, right? It is a clerical error that does, unfortunately — We really should reverse just to teach you guys a lesson about the importance of poofing. You set such a bad example for my law clerks. Frankly, I think that the lesson is that we should say nothing in our 851 notices beyond listing the — Well, that is certainly the first lesson. That is certainly the first lesson, that you should not say anything that is not required by statute. But the second lesson is, you know, you print it. This is why we have paper and printers and all those things, and you actually read the thing rather than just sending it out. You are absolutely right. It's not like a text message, right? It's not like tweeting. This is important stuff involving people's lives. You know, you can spend a minute or two. You know who the AUSA is, right? I'm sorry? You know who the AUSA is who did this? Yes, I do. Okay. Tell him I'm sending him a message, and that is he needs to poof. The message is received. It has been discussed in the office. No, he hasn't received it yet because you haven't, you know, tell him I said so. He actually is no longer an AUSA, Your Honor. Well, call him up. I will do that. Send him a text message. I will do that. Okay? I will. Okay. Thank you. No other questions, Your Honor? Thank you. You've got a minute. Your client hasn't even alleged, or you haven't alleged that your client rejected any pleas or offers based on this or anything like that? No, Your Honor, because there's nothing in the record as it stands that I could plausibly rely on. If there is a dispute about timing and prejudice and who said what to whom, it has to be on a more developed record. I objected in my reply brief to the U.S. Attorney's use of all kinds of unfounded speculation about facts. Obviously, that's not an appropriate basis for a decision, and that just isn't anything I could rely on. What about the point that there's not plain error? That's what I wanted to speak to, actually, Your Honor. We acknowledge in the brief that there's a circuit split on this exact issue, but I don't think that this circuit's law is vague or unsettled about what kind of error leads to what kinds of consequences. And unless the court finds that this is clerical as a matter of law, then I think it requires a prejudice hearing, and that is not unsettled in this circuit. Thank you. Judge Rosario will stand submitted.
judges: Kozinski, Berzon, Ikuta